**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

     Plaintiff

v.

Tamara Phillips,

     Defendant

Case No.: 2:23-cr-00018-JAD-EJY

**Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel**

[ECF Nos. 6, 7, 9]

Defendant Tamara Phillips moves for appointment of counsel, to seal her financial affidavit, and for early termination of supervised release. The government does not oppose. With good cause appearing, I grant her motion for appointment of counsel. I also grant her motions to seal and for early termination of supervised release because she has met the qualifying criteria.

**I.**     **Phillips is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for any criminal defendant "financially unable to obtain adequate representation."[1] Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[2] Phillips's financial affidavit confirms her inability to afford an attorney and her need for one to be appointed to her, so I grant her request to appoint counsel.

---

[1] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[2] The Plan for Administration of the CJA of 1964 at 7–8.

## II.     Phillips's financial affidavit will remain sealed.

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[3]  "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[4]  But "access to judicial records is not absolute."[5]  Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[6]  Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Phillips filed here because they are administrative, not judicial, in nature.[7]  I find that reasoning persuasive and adopt it here.  So, because Phillips's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant her request for leave to file the affidavit under seal.

---

[3] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[4] *Id.* (cleaned up).

[5] *Id.*

[6] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[7] *See, e.g.*, *U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).  At least two other circuits have reached the same conclusion.  *Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

**III.     Phillips is entitled to early termination of her supervised release.**

Phillips moves for early termination of supervised release, arguing that she has completed more than two years of supervision, has paid all fines and restitution levied against her, and has maintained consistent employment throughout her term of supervision.[8]  Neither the government nor the U.S. Probation Office opposes that request.[9]  Because I am satisfied that Phillips is entitled to an early termination of supervised release based on the § 3553(a) factors and that such relief is in the interest of justice, I grant her motion and order her term of supervision terminated.

### Conclusion

IT IS THEREFORE ORDERED that Phillips's motion for early termination of supervised release **[ECF No. 9] is GRANTED**.  Her term of supervision is TERMINATED.

IT IS FURTHER ORDERED that Phillips's renewed motion for appointment of counsel **[ECF No. 6] is GRANTED** *nunc pro tunc* **to July 27, 2023**, and her motion for leave to file her affidavit under seal **[ECF No. 7] is also GRANTED**.  The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 8.

_____
U.S. District Judge Jennifer A. Dorsey
August 21, 2023

---

[8] ECF No. 9 at 3.

[9] *Id.*; ECF No. 10.